J-S30010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| MATTHEW JASON HAILEY | |
| Appellee | No. 2300 EDA 2021 |

Appeal from the PCRA Order Entered October 18, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0008422-2017

BEFORE: STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*].

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 24, 2023**

The Commonwealth of Pennsylvania appeals from the October 18, 2021 order granting a new trial to Appellee, Matthew Jason Hailey. We affirm.

At the conclusion of trial on October 25, 2019, a jury found Hailey guilty of possession with intent to deliver methamphetamine. On January 28, 2019, the trial court imposed three to six years of incarceration. On August 14, 2020, this Court affirmed. Hailey filed a timely *pro se* PCRA petition on October 25, 2020, followed by an amended, counseled petition on March 18, 2021. On April 13, 2021, the Commonwealth filed an answer and motion to dismiss. The PCRA court conducted a hearing on June 3, 2021. On October

_____

[*] Retired Senior Judge assigned to the Superior Court.

11, 2021, the PCRA court entered an order vacating Hailey's judgment of sentence and directing a new trial.

The underlying facts are as follows:

> At 4:49 a.m. on November 21, 2017, Officer Daniel Rose of Montgomery Township Police Department observed a black Audi sedan enter the parking lot of the Rodeway Inn, 969, Bethlehem Pike, Montgomeryville, Montgomery County, Pennsylvania. Officer Rose observed the vehicle park in the rear of the parking lot. Mr. Hailey exited the vehicle from the front passenger seat, began walking, then stopped and turned around upon noticing the marked police car. Mr. Hailey returned to the vehicle and the vehicle proceeded to the front of the motel with Mr. Hailey inside. Officer Rose then initiated a traffic stop.

> The driver of the vehicle, later determined to be Lacey Williams, initially provided false information regarding her identity and refused permission to search the vehicle. At that time, Mr. Hailey was outside of the vehicle. During the course of the stop, Officer Rose engaged Mr. Hailey in conversation about the purpose of [Hailey's] visit to the motel. Mr. Hailey opined that Ms. Williams would not consent to a search of the vehicle because there must be 'something' in the car. Officer Rose opined that he believed there to be 'meth' in the car and Mr. Hailey agreed.

> During the course of the traffic stop, two unidentified individuals approached Ms. Williams' stopped vehicle. Ms. Williams indicated to Officer Rose that the individuals were there to retrieve the dog in the backseat and to verify her identity for Officer Rose. Later, Mr. Hailey, while being supervised by Officer Rose and Officer Byrne, was permitted to enter the front passenger compartment to retrieve his cellular telephone. Mr. Hailey did not ask to retrieve any other personal belongings.

> After discovering that Ms. Williams had an active warrant, the officers arrested her and impounded the vehicle. Mr. Hailey was released and was not searched or charged at that time.

> Ms. Williams vehicle was taken to Montgomery County Township Police Department impound lot and later searched [….] Officer John Rushin located a closed black Beats headphone case in an open shelving area on the dashboard between the two front seats of the vehicle. Within the case was U.S. currency and a

smaller black box containing two bags of methamphetamine and a digital scale. The parties stipulated that one bag contained 27.22 grams of methamphetamine and the other bag contained 2.91 grams of methamphetamine. A digital scale and plastic baggies of a type commonly used for packaging controlled substances were also found in the headphone case.

Officer Rushin located a backpack on the floor in the rear of Ms. Williams' car behind the passenger's seat. Inside of the backpack was a notebook with Mr. Hailey's name and address, a log Mr. Hailey kept of his recent work hours, and used and unused narcotics packaging material (some of which was identical to that contained in the headphone case found in the dashboard). Additional packaging materials were in a Sherwin Williams paint supply bag. The backpack also contained two digital scales with methamphetamine residue.

PCRA Court Opinion, 1/14/22, at 3-5 (record citations omitted).

Hailey's conviction rested on his constructive possession of methamphetamine. For a possessory offense in which no contraband is recovered from the defendant's person, the Commonwealth may meet its burden by proving constructive possession. *Commonwealth v. Hall*, 199 A.3d 954, 960-61(Pa. Super. 2018), *appeal denied*, 206 A3d 1028 (Pa. 2019). Constructive possession can be joint or individual. *Id.*

"Constructive possession" is "the ability to exercise a conscious dominion over" the contraband. It usually comes into play when police find contraband somewhere other than on the defendant's person. Constructive possession requires proof that the defendant had knowledge of the existence and location of the item. The Commonwealth may prove such knowledge circumstantially. That is, it may prove that the defendant had knowledge of the existence and location of the items at issue "from examination of the totality of the circumstances surrounding the case," such as whether the contraband was located in an area "usually accessible only to the defendant."

> For the Commonwealth to prove constructive possession where more than one person has access to the contraband, "the Commonwealth must introduce evidence demonstrating either [the defendant's] participation in the drug-related activity or evidence connecting [the defendant] to the specific room or areas where the drugs were kept."

*Id.* at 961 (citations omitted).

As noted above, two packages of methamphetamine were found in the headphone case between the front driver's and passenger's seat where Williams (the driver) and Hailey (the passenger) were sitting. Also in the headphone case were baggies commonly used for drug packaging, and a digital scale. On the floor behind the rear passenger seat police found a backpack which contained paperwork belonging to Hailey, a digital scale with methamphetamine residue, and baggies identical to those found in the headphone case. On this evidence, the jury found Hailey to be in constructive possession of the methamphetamine in the headphone case.

Presently at issue is dashboard camera ("dashcam") footage, not played for the jury during trial, which revealed that several persons had access to the passenger cabin during the vehicle stop. According to the trial court, the dashcam footage shows Williams entering the vehicle unsupervised by police officers and moving about the front and rear seating areas for several minutes, potentially with access to the backpack. Dashcam footage also revealed that the two unidentified individuals who retrieved the dog from the Audi had access to the passenger cabin for more than two minutes. These individuals were observed by police, but the officer's view may have been partially

- 4 -

obstructed. Hailey alleges trial counsel was ineffective for failing to show the dashcam footage to the jury, as it may have supported a theory that Williams and/or the other unidentified persons planted the incriminating evidence after Hailey exited the vehicle.

To establish ineffective assistance of counsel, a petitioner must plead and prove by a preponderance of the evidence (1) that the underlying issue is of arguable merit; (2) that counsel had no reasonable strategic basis in support of the disputed action or inaction; and (3) counsel's error was prejudicial. *Commonwealth v. Stultz*, 114 A.3d 865, 880 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1201 (Pa. 2015).

> Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination. In considering whether counsel acted reasonably, we look to whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken. Lastly, prejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. This probability is sufficient when it undermines confidence in the outcome of the proceeding.

*Id.* at 880–81.

The PCRA court made the following findings:

> The dash camera audio/video from Officer Rose's vehicle was presented in its entirety as an exhibit for the court's review at the PCRA hearing. The dash camera video was reviewed by the court and shows Officer Rose speaking with and obtaining (false) information from Ms. Williams. Officer Rose left Ms. Williams

- 5 -

alone and unsupervised for approximately five (5) minutes while he spoke to another officer. Ms. Williams' movements appear in silhouette on the dash camera video. While one cannot determine precisely Ms. Williams' movements inside of the vehicle at that time, the video does show Ms. Williams' silhouette appearing to reach towards her sun visor, turning her head toward the driver's side window and possibly back into the rear passenger compartment, fidgeting in the seat and moving her hands or arms about the interior cabin, including in the area of the vehicle where the headphone case and book bag were located. Mr. Hailey was outside of the vehicle at this time.

The dash camera videos also depict two unknown individuals, acknowledged by the parties to be Ms. Williams' acquaintances, approach the vehicle. While Ms. Williams remained in the driver's seat, she can be heard telling Officer Rose that the individuals were there to a) retrieve a dog from the rear of the back seat and b) verify Ms. Williams' identity for Officer Rose. Officer Rose told the individuals they were permitted to take the dog.

The unidentified individuals approached the driver's side of the vehicle and Officer Rose stationed himself several feet to the left of the driver's side of the vehicle. Officer Rose permitted both individuals to open the rear driver's side door while he remained several feet away, shining his flashlight in the general area of the rear compartment. The female individual opened the rear driver's side door and remained at the open door, with her body either inside of the rear compartment or blocking the opening of the door for 2 minutes and 12 seconds. The female remained on the driver's side, but the male individual walked around the vehicle to the rear passenger side and reached inside of the vehicle for 46 seconds. The male individual then shut the rear passenger door and returned to the rear driver's side of the vehicle with the unknown female, without the dog. Officer Rose continued to remain on the driver's side of the vehicle, several feet away from the rear driver's side, at times engaging in conversation with Ms. Williams. The video appears to establish that the unidentified female's body position was obscuring Officer Rose's ability to view the precise movements of the unidentified male.

Officer Rose permitted each of the individuals to access the compartment of the vehicle for a combined 2 minutes and 40 seconds. Officer Rose was on the driver's side of the vehicle

during that time. Eventually the dog exited out of the driver's side of the vehicle and left with the two unidentified individuals.

PCRA Court Opinion, 1/14/22, at 6-8 (record citations omitted).

Based on these findings, the PCRA court found trial counsel to be constitutionally ineffective. The PCRA court concluded that arguable merit existed because the dashcam footage showed that persons other than Hailey had access to the area where the headphone case and backpack were recovered. PCRA Court Opinion, 1/14/22, at 14. Because Hailey's conviction rested on circumstantial evidence, and because the dashcam footage showed that others had access to where the drugs and paraphernalia were found, the PCRA court determined that counsel had no reasonable strategic basis for failing to show it to the jury. *Id.* at 16-17. That is, the PCRA court concluded that Hailey's defense had a substantially greater chance for success than the strategy counsel pursued. *Id.* Regarding prejudice, the PCRA court noted that the Commonwealth's case was "difficult." *Id.* at 19. "Its case was based in part on the questionable credibility of Ms. Williams, who lied to police at the scene, was awaiting disposition of open charges related to the incident, and arguably had incentive to shift blame to Mr. Hailey." *Id.* at 10.

> After the PCRA hearing, the court was able to reweigh the evidence presented to the jury at the trial alongside new evidence introduced at the PCRA hearing. Upon review of the same and placing itself in the position of the original factfinder, the court found that trial counsel's assertion of the video's insignificance was unreasonable and there was a reasonable probability that absent trial counsel's ineffectiveness, the jury would have had a reasonable doubt respecting Mr. Hailey's guilt.

- 7 -

*Id.* at 19-20.

On review, we must determine whether the record supports the PCRA Court's findings of fact, and whether the court committed an error of law. *Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018), *affirmed*, 226 A.3d 995 (Pa. 2020).

> We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a de novo standard of review to the PCRA Court's legal conclusions.

*Id.* (citations omitted).

The record supports the PCRA court's findings. Williams had largely unsupervised access to the passenger cabin from just before 5:00 a.m. until after 5:05 am. Trial Exhibit D-5.[1] Williams remained in the driver's seat throughout that time, but she can be seen moving leaning toward other parts of the passenger cabin, possibly with an item in her hand at around 5:03 a.m. *Id.* Two other unidentified persons had supervised access to the vehicle's backseats beginning at 5:05:36 a.m. and left the scene shortly before 5:08 a.m. after retrieving a dog. *Id.*

Our primary task is to determine whether the PCRA court committed reversible error in finding that trial counsel's failure to play the dashcam footage for the jury rendered his performance constitutionally ineffective. We

---

[1] The date and time of day appears on the dashcam footage.

begin with an analysis of arguable merit. The Commonwealth notes that Hailey failed to produce Williams as a witness even though trial counsel's allegedly ineffective cross examination of Williams is the basis for his claim. The Commonwealth relies on **Commonwealth v. Dennis**, 950 A.2d 945 (Pa. 2008), in which our Supreme Court held that a petitioner's failure to call an alleged alibi witness to testify at the PCRA hearing was a fatal defect because the petitioner failed to carry the burden of proving that the witness's testimony would have been helpful. **Id.** at 964. **Dennis** is clearly distinct from the instant case, as Hailey here does not allege counsel was ineffective for failing to offer an alibi witness. The claim is that counsel was ineffective for failing to show dashcam footage. And while that footage likely would have been introduced during Williams' trial testimony, it is the footage itself, and not Williams' potential reaction to it, that forms the basis of Hailey's claim.

Moreover, Hailey's factual averments of ineffective assistance of counsel are factually accurate—dashcam footage depicted Williams moving about the passenger cabin unsupervised and with at least the potential to plant contraband in the location in which it was found. Given that Hailey's conviction rested on his constructive possession of the contraband, we conclude Hailey sufficiently pled and proved arguable merit.

Next, the Commonwealth argues that trial counsel employed a reasonable strategy: "The defense at trial was that [Hailey] never possessed the drugs; not that he did, but Williams planted them on him."

Commonwealth's Brief at 7. We find this distinction untenable. The Commonwealth needed to prove that Hailey exercised conscious dominion and control over the contraband recovered from the vehicle, and evidence suggesting that Williams and/or the other unidentified individuals planted the contraband after Hailey was out of the vehicle would have been useful in creating a reasonable doubt as to Hailey's conscious dominion and control.

The Commonwealth also relies on trial counsel's assertion at the PCRA hearing that his goal was to "pin" the drugs on Williams. Commonwealth's Brief at 14. The Commonwealth fails to explain how this supports an argument that counsel's failure to use the dashcam footage was reasonable. Indeed, the dashcam footage could have bolstered the theory that the contraband was entirely in the possession of Williams. We therefore discern no error in the trial court's finding that trial counsel failed to choose a strategy that offered a substantially greater opportunity for success.

Lastly, we observe that the Commonwealth has failed to challenge the PCRA court's finding that counsel's error was prejudicial. Part A of the Commonwealth's argument challenged arguable merit based on Hailey's failure to produce Williams as a witness at the PCRA hearing. Commonwealth's Brief at 11-12. Commonwealth's Brief at Part B addresses counsel's strategic basis for not using the dashcam footage. Commonwealth's Brief at 13-14. The Commonwealth's argument concludes with Part B. While this Court is free to affirm an order on any valid basis, we cannot reverse an

order on grounds not developed by the appealing party. Pa.R.A.P. 2119(b), (c). The Commonwealth has waived any challenge to the PCRA court's finding of prejudice.

For the foregoing reasons, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2023